# Wills *versus* Kane.

1. The neglect of an attorney to pay over money collected for his client, is a "neglect" in a "professional employment," and within the exception of the Act of 12th July, 1842, abolishing imprisonment, &c., and upon judgment obtained against an attorney, for money so collected, he may be arrested on a *ca. sa.*

2. If an attorney neglect to pay over money to his client, when collected, for an unreasonable time, he is entitled to no compensation for his services, in recovering it from the debtors.

3. It is not necessary that an action against an attorney, for neglecting to pay over money collected for his client, should be in *tort,* to authorize the issuing of a *ca. sa.;* it may issue in such case, on a judgment in *assumpsit.*

4. Pleading an erroneous judgment in bar of an action estops the party from afterwards reversing it on error.

5. Where a man alleges a fact in a court of justice for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in a court of justice.

ERROR to the District Court of *Allegheny county.*

This is a writ of error to a *ca. sa.,* issued on the judgment in the case immediately before reported.

Dec. 20, 1852. On affidavit of M. Kane, Jr., alleging that the said John A. Wills had property which he fraudulently concealed from his creditors; and also that he had money or evidences of debt, which he unjustly refused to apply to the payment of the said Kane's judgment, a bench-warrant was issued for his arrest, by Judge Williams. On final hearing, December 28, 1852, this warrant was discharged, "on the ground

that the same was improvidently issued, it appearing from the record, that the judgment referred to, (M. Kane's,) was obtained for money *alleged to be* collected by the said defendant, John A. Wills, and John Coyle, as attorneys at law, in their professional employment," and defendant discharged, without further answer.

Dec. 28, 1852, *fi. fa.* and *ca. sa.* issued on judgment against defendants.

Jan. 22, 1853, rule to show cause why the *fi. fa.* and *ca. sa.* should not be set aside, returnable on Monday, June 24, 1853, at 10 o'clock, A. M., and in the meantime proceedings stayed.

Jan. 24, 1853, rule to set aside executions dismissed, and this writ of error taken.

The issuing of the *ca. sa.*, is the error complained of.

*C. Shaler & Co.*, for plaintiffs in error.—The judgment did not warrant the *ca. sa.* There is no allegation of fraud in the contracting of the debt, nor are the parties declared against in a fiduciary capacity, nor in any other way, that creates any one of those exceptions, under the statute of which a party plaintiff may avail himself in issuing a *ca. sa.*

He has brought his action against the defendants as partners, and has charged them in assumpsit on the common counts. If liable in a fiduciary relation, he might have held them to bail originally, or failing to do so, might possibly have rendered them responsible to process against their bodies, by framing his narr., so as to meet the exigencies of the case. Not having done either, he might still resort to the statutory proceedings, to compel the defendants to give bail for the money, security for taking the benefit of the insolvent laws, or in default, have committed them to custody. He attempted to do this, but found it unavailing; he cannot now resort to the *ultimum supplicium*, and in that way, make up for his negligence in the original proceedings.

In support of this point, the plaintiff's counsel refer the court to the first section of the Act of July 12, 1842, for the abolishment of imprisonment for debt; *McDermot* v. *The Insurance Company*, 1 S. & R. 358; *Rose* v. *King*, 5 Id. 244; *Ferrett* v. *Atwell*, 1 Blatch. C. C. R. 155; Com. Dig., Action on Stat. A. 1, 2, 3, and Pleader, C. 76; *Rex* v. *Mallard*, 2 Stra. 828; *Flemming* v. *Bailey*, 5 East, 313; *Cole* v. *Smith*, 4 Johns. 193; *Bigelow* v. *Johnson*, 13 Id. 428; *Smith* v. *Merwin*, 15 Wend. 184; *Fairbanks* v. *Antrim*, 2 N. H. 105; *Ellis* v. *Hall*, 2 Aik. 41; *Stowell* v. *Flagg*, 11 Mass. 364; *Stephens* v. *Middlesex Canal*, 12 Mass. 466; *Cowles* v. *Cowles*, 2 Penna. R. 139; *Wright* v. *Crane*, 13 S. & R. 447; *Tuttle* v. *Loan Company*, 6 Wh. 218.

*Hamilton*, for defendant in error.

The opinion of the court was delivered October 12, 1853, by
LEWIS, J.—The judgment below has been affirmed, for the
reasons stated in the opinion just delivered* by Mr. Justice
Woodward. This is a writ of error to the execution. The ob-
jection to the *ca. sa.* is, that "the parties are not declared against
in a fiduciary capacity, nor in any other way that creates any
one of the exceptions under the statute, of which a party plain-
tiff may avail himself in issuing a *ca. sa.*" As the declaration
has not been placed on the paper-book, we are unable to say
how the fact is in this respect, but of course we are bound to
presume that it contains all that is necessary to sustain the pro-
ceedings.

By the Act of 12th July, 1842, abolishing imprisonment for
debt, actions "for neglect in any professional employment" are
excepted from the operation of the act. The neglect of an
attorney to pay over money collected for his client, is undoubt-
edly a case of "neglect" in "professional employment," within
the meaning of the exception. It has been repeatedly decided,
that the commissions allowed an attorney for collections, are his
compensation for his entire professional duty in the matter; and
that it is so much a part of that duty to pay over the money
when collected, that if he neglect it unreasonably, he is entitled
to no compensation whatever, for his previous services in recov-
ering it from the debtor. It is difficult to imagine a case of
"neglect of professional employment," in the whole range of
an attorney's duties, more materially affecting the interests of
his client, or more seriously affecting his own prospects in busi-
ness. Any other neglect, whereby the client loses, may have
the palliating circumstance, that it was owing to inattention,
ignorance, or forgetfulness, and that the attorney gained no-
thing by it himself. But making use of the money of his client,
or withholding it from him, after it is collected, can seldom
have any of these circumstances to palliate it. The motive for
such neglect, in the manifest profit of making use of another's
money, although occasionally palliated by pecuniary misfor-
tunes and pressure, may frequently tinge the non-performance
with a color of wrong, something deeper than mere neglect.

But it is said, that a plaintiff, to avail himself of the excep-
tion in the statute, must bring his action in form, sounding in
*tort;* and that bringing *assumpsit*, for money had and received,
waives the benefit of it. The statute contains no such pro-
visions; and the delinquency in question, most assuredly
deserves not the encouragement, or countenance, which such a
construction would extend to it. It must be remembered, that

* Ante, p. 51.

[Wills v. Kane.]

exemption from imprisonment, only exists in actions · on contracts, express or implied; and that all actions for *torts*, stand entirely clear of its provisions, without needing the benefit of the *exception*. If the exception only embraces *actions* of *tort*, it was entirely unnecessary to introduce it, and to give it that construction, is to render it senseless and inoperative. In this case, it appears that the plaintiff in error, succeeded in getting himself discharged from a warrant, issued under the second section of the Act of 12th July, 1842, on the ground that it "improvidently issued" against one who was subject to a *ca. sa.*, and not to the proceeding under that section. The discharge is stated on the paper-book, to have been made, because it "appeared from the record, that the judgment was for money alleged to be collected by the · defendants below, as attorneys at law, in their professional employment." The plaintiff below, had certainly a right, either to a *ca. sa.*, or to a warrant, to compel a disclosure of their assets. By defeating the latter remedy, on the ground that the plaintiff was entitled to the former, the defendant below is estopped from objecting to the *ca. sa.* A plea in abatement, giving a better writ, estops the defendant from objecting to the second writ issued in conformity to his pleading. Pleading an erroneous judgment, in bar of an action, estops the party from afterwards reversing it on error. When a man alleges a fact in a court of justice, for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in the administration of justice.

For these reasons, two of the judges are in favor of affirming the decision of the court below, refusing to set aside the *ca. sa.* A third, the chief justice, is in favor of affirming it for the reasons stated in his opinion.

Proceedings affirmed.

BLACK, C. J.—I concur with Mr. Justice Lewis, in the opinion, that it is not necessary that the cause of action should be set forth on the record of the judgment, in order to entitle the plaintiff to treat the case as being out of the Act of 1842, abolishing imprisonment for debt, and for the reasons which he has given. But I do not consider the opposition which Wills made to the proceedings, which were intended to imprison him under that act, as an absolute estoppel. He then asserted, that he was liable to a *ca. sa.* The court thinking his argument well founded, discharged him from arrest. When the *ca. sa.* was issued, he denied that he was liable to it. I have no doubt, that if the last statement was true, it ought to have prevailed. Imprisonment cannot be based upon a mere fiction of law,

which forbids a man to show the truth. Nevertheless, I think the refusal to set aside the execution was right enough, and well founded on the facts of the case. His declaration that he was liable to it, was one fact of some importance, but not conclusive.

Mr. Justice WOODWARD dissented, and delivered the following opinion :—

That the *fi. fa.* issued on the judgment, which has just been affirmed, in an opinion delivered by myself, was regular and valid, I can have no doubt, and I concur in the judgment of the majority, so far as it goes to sustain that writ; but I dissent from their judgment in sustaining the *ca. sa.* The error assigned is, that the *ca. sa.* was erroneously issued, being in contravention of the first section of the act to abolish imprisonment for debt, and to punish fraudulent debtors, passed the 12th July, 1842, and in my judgment this assignment is true. That section of the act, is as follows : " That from and after the passage of this act, no person shall be arrested, or imprisoned, on any civil- process, issuing out of any court of this Commonwealth, in any suit or proceeding, instituted for the recovery of any money due, upon any judgment or decree founded upon contract, express or implied, or for the recovery of any damages for the non-performance of any contract; excepting in proceedings, as for contempt, to enforce civil remedies, action for fines or penalties, or on promises to marry, on moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment; in which cases, the remedies shall remain as heretofore."

Now, although we have not the plaintiff's declaration before us, yet we learn from the paper-books, on both sides, that this was an action of assumpsit, for the recovery of money alleged to have been collected by Wills & Coyle, as partners in the profession of law. The judgment in this action, then, was founded upon contract, express or implied, and on such a judgment, "no person," says the act, "shall be arrested or imprisoned, on any civil process." A *capias ad satisfaciendum* issues for no other purpose, than to arrest and imprison the defendant, and as the act forbids it on such a judgment as this, it ought to be set aside. But the argument is, that this case is within the saving clause of the enactment. Let us see. The excepted cases in which such writs may issue, are : 1. In proceedings for contempt, to enforce civil remedies. 2. Actions for fines or penalties. 3. Actions on promises to marry. 4. Actions for moneys collected by any public officer. 5. Actions for any misconduct or neglect in office. 6. Actions for any *misconduct or neglect in any professional employment.* In stating the sixth exception, I have given what I suppose to be

the true reading and construction of the act, and this case, if excepted at all, falls within the sixth exception. But the actions there meant, are not founded in contract at all, but in *tort*. Professional misfeasance, or non-feasance, is the ground of the action intended to be excepted. A lawyer collects money for his client, and neglects to pay it over. His client may waive the *tort*, and sue in assumpsit, on the implied promise; or he may sue in case, and recover damages commensurate with his injury, which may exceed the debt and interest. There are no distinctions in law, more visible and real than this. It is the distinction between actions *ex contractu*, and actions *ex delicto*. The former is expressly within the protection of the Act of 1842, and the latter is expressly excepted out of its protection; and for good reason, since the one implies moral delinquency, and is on a footing with actions for violated marriage promises, and for malversation in public office; whilst the other, involves merely a breach of a business contract, which circumstances may palliate, or excuse. It is only by confounding these well settled distinctions, that this *ca. sa.* can be sustained; and in a question of personal liberty, it seems to me, we ought to be careful not to confound distinctions, to its prejudice. The Act of 1842, is entitled to a liberal construction, and the excepted clauses should be strictly construed; but in this case I arrive at the conclusion that this *ca. sa.* should be set aside, by following the plain letter of the act.

But it is said, Mr. Wills was discharged from the bench-warrant, on the ground that a *ca. sa.* would lie. Suppose it is true. The mistake of the court, in stating the grounds of their discharge, cannot alter the construction of the Act of Assembly. The discharge of Mr. Wills from that arrest, may have been right, or wrong. It is not before us, and we are not to review it. But right or wrong, it is clear he is not subject under this judgment to the *ca. sa.*, if we allow the act abolishing imprisonment for debt, to have the operation evidently intended by its framers. There is another ground for setting aside this *ca. sa.* The defendant in error has not produced the declaration, to show us that this suit and recovery, were for moneys received by the defendants, in a professional employment. He alleges it in the paper-book, it is true; but the record, as exhibited to us, does not prove it, and this probably was the reason, why his counsel expressly declined to argue in favor of this *ca. sa.* Now I hold, that before a party is entitled to imprison his opponent, by virtue of a judgment recovered against him, the record must show that he is liable to imprisonment. The general rule is, that defendants in civil judgments, are not liable to imprisonment. The presumption, therefore, in the absence of evidence, must be in their favor; and until the

[Guffy *v*. The Commonwealth.]

contrary is shown, by him who alleges it, we must hold them exempt, for these two reasons; first, that the Act of 1842, properly understood, exempts from imprisonment defendants in actions of assumpsit; and second, that if in such an action, when brought against attorneys for not paying over moneys, the protection of the act cannot be claimed, still the record must show, that the action was founded on professional neglect, or misconduct; and as this does not appear in the showing of the present plaintiff, he is not entitled to the *ca. sa.*, and it should be set aside.

I am authorized to add, that my brother, KNOX, concurs in this opinion, so far as it relates to the *ca. sa.*