## Stark v. Meyer

*Eastburn & Gray*, for plaintiff.

*William R. Cameron*, for defendant.

*Goldman, Cygan & Weinblatt*, for garnishee.

SATTERTHWAITE, J., March 21, 1958.—This is an action of assumpsit by a real estate broker to collect commissions in the amount of $3,500 allegedly earned by reason of the sale of defendants' Bucks County real estate. It was commenced by writ of foreign attachment wherein the purchaser of the property was named as garnishee. The amended complaint alleged that defendants "are believed to be residents of the

State of New Jersey." The sheriff returned that he served both the writ and the original complaint not only upon the garnishee, but also upon defendants at their "residence" in Solebury Township, this county. The garnishee filed a report pursuant to Pa. R. C. P. 1266 admitting that he had an agreement to purchase the real estate in question from defendants, that being the only property of defendants held by him.

Thereafter defendants filed an answer on the merits to plaintiff's complaint. Although they disputed therein plaintiff's allegation that they were residents of New Jersey, alleging to the contrary that their residence at all times material to this action had been at Lahaska, Bucks County, they did nothing about attacking the validity of the foreign attachment until about a month after such answer on the merits. They then filed, apparently under the purported authority of Pa. R. C. P. 1272(c) (1) or (2), a petition for a rule on plaintiff to show cause why security in the amount of $100 or such lesser amount as the court should direct should not be accepted by the prothonotary to dissolve the writ of foreign attachment. In support thereof, they alleged that they were residents of Solebury Township, this county, that therefore the writ had been improperly issued, that they desired to sell their Bucks County real estate and move to Philadelphia, and that the attachment has worked an undue hardship upon them in preventing settlement for such sale. Plaintiff's answer to the petition and the rule granted thereon placed such averments in issue. The matter has now been argued before the court on such petition, answer and depositions of the husband defendant thereon. The latter clearly established that defendants are and have been residents of Pennsylvania at all times material hereto. No depositions were taken on plaintiff's behalf.

At the argument, defendants contended that the court had no "jurisdiction to take any action other than to dissolve the Writ of Foreign Attachment", or, alternatively, the sum of $1.00 should be directed to be sufficient security to dissolve the same. Plaintiff countered by arguing that defendants' procedure was unauthorized, that the only manner in which the question of defendants' residence or nonresidence could be raised was by preliminary objections and that defendants have waived this remedy by answering the complaint on the merits.

It seems clear that defendants have attempted to subvert the purpose and meaning of Pa. R. C. P. 1272 (c) by seeking to use it to attack the validity of the attachment itself since the obvious premise of the procedure therein prescribed is the existence of a valid attachment which is to be "dissolved" upon the posting of security in substitution for the property attached. By the same token, it would be a gross abuse of discretion for us to direct the entry of such a nominal bond considered in relation to the debt and the value of the property attached, if the attachment is considered to be of any effect whatsoever. We therefore believe that the rule to show cause should be discharged.

It seems equally clear, however, that plaintiff's argument that defendants have waived their right to contest the validity of the attachment is also totally lacking in merit. It is undoubtedly true that defendants are personally in court in the assumpsit action by reason of the service of the writ and complaint upon them and their answer to the latter. Moreover, that situation in itself does not dissolve the attachment: Pa. R. C. P. 1272 (a). It is also undoubtedly true that defendants could have raised the question of the impropriety of the writ of foreign attachment on the ground of their residence in this State by preliminary

objections under Pa. R. C. P. 1017(*b*) (1) : Dulles v. Dulles, 180 Pa. Superior Ct. 598. Compare Markloff v. Miller, 5 Bucks 261, 7 D. & C. 2d 323. It does not follow, however, that such is the only manner in which the question may be raised or that the objection is lost by pleading to the merits of the case.

Pa. R. C. P. 1032 provides, in part, as follows:

"A party waives all defenses and objections which he does not present either by preliminary objections, answer or reply, except. . . .

"(2) that whenever it appears *by suggestion of the parties or otherwise* that the court lacks jurisdiction of the *subject matter* . . . the court *shall* dismiss the action." (Italics supplied.)

Nonresidence of defendant, if an individual, is an essential prerequisite to the proper issuance of a writ of foreign attachment: Pa. R. C. P. 1252(1). The absence of this element deprives the court of jurisdiction over the subject matter, i.e., the very right to issue the writ: Dulles v. Dulles, supra. It follows, therefore, under Pa. R. C. P. 1032, supra, that the objection is never waived. Furthermore, under the very language of that rule, it would seem that the court *shall* dismiss the action, even of its own motion, and even though the parties stipulate to the contrary or fail to raise the question, whenever and however the defective state of the record is brought to its attention. Compare Gilbert Estate, 350 Pa. 13, 16, and cases cited; Gardner v. Allegheny County, 382 Pa. 88, 96-97; Wetherill, Jr., v. Zoning Board of Adjustment, 5 Bucks 264, 265.

In view of the fact that defendants undoubtedly were residents of this Commonwealth when the writ issued in this case, the foreign attachment procedure was unauthorized and should now be quashed, the situation having been brought to the court's attention even though irregularly. Defendants' depositions to

sustain this conclusion are undenied, and plaintiff's counsel, with commendable candor, has admitted that factually he neither has offered nor can offer any evidence to the contrary. Although it is probably unnecessary to do so, we further point out that, of course, the quashing of the writ of foreign attachment has no effect whatsoever upon the pendency of the assumpsit action, jurisdiction of the persons of defendants having been acquired by service and answer on the merits.

### Order

And now, March 21, 1958, for the reasons stated in the foregoing opinion, defendants' petition to fix security to dissolve the writ of foreign attachment is denied and refused and the rule granted thereon is discharged. It is further ordered by the court, of its own motion, that the writ of foreign attachment heretofore issued in this case be and hereby is quashed.