748

## Greenwald v. Murvin

*Stively & Mitman*, for plaintiff.
*Donald F. U. Goebert*, for defendant.

GAWTHROP, P. J., May 6, 1963.—On October 31, 1962, plaintiff filed a praecipe for writ of foreign attachment against Edgar W. Murvin, defendant, but naming no one as garnishee. It directed the prothonotary to index the action against defendant in the judgment index, but contained no directions to the sheriff to attach any property. The sheriff's return of service of the writ shows that on November 13, 1962, he posted

certain premises owned by Edgar W. Murvin, situate in East Fallowfield Township, Chester County, as provided in Pennsylvania Rule of Civil Procedure 1260 (a). There was no return of service on defendant or upon anyone as garnishee.

On January 29, 1963, plaintiff filed his complaint in the action and on February 15, 1963, the sheriff made return of personal service thereof on Harry Murvin, "terre tenant," on February 1, 1963, and returned "not found" as to defendant. Pa. R. C. P. 1265(b) requires service of the complaint to be made as in assumpsit on the "garnishee." Harry Murvin is not named as "garnishee" in either the praecipe, the writ or the complaint. By stipulation of counsel for plaintiff and for Harry Murvin, filed February 19, 1963, without approval or order of court, it was agreed that Harry Murvin might intervene as a defendant in the action, and on February 28, 1963, he filed preliminary objections raising, inter alia, the question of jurisdiction of the action on the ground that the complaint fails to allege that defendant, Edgar W. Murvin, is a nonresident of Pennsylvania. There is no formal application by plaintiff under Pa. R. C. P. 1265(c) to amend his complaint to include that averment, but at argument and in his supplemental brief filed he seeks to be permitted to amend in such fashion.

From the sheriff's posting of the premises and his failure to include in his return the service of the writ on anyone as the person in actual possession thereof under Pa. R. C. P. 1257 and 1260(a), we must assume that Harry Murvin was not in actual possession at that time so as to be a "garnishee". He was, however, personally served with the complaint, and, in view of the stipulation of counsel that he might intervene as a defendant, we shall, under the liberal construction provisions of Pa. R. C. P. 126, and since he was served with the complaint as a "terre tenant", consider him

to be a garnishee, although the stipulation did not comply with the requirements of Pa. R. C. P. 2328, et seq., as to allowance by the court of the intervention. In so doing, we consider the intervention to be allowed nunc pro tunc.

As a garnishee, Harry Murvin has authority under Pa. R. C. P. 1268(a) to resist the attachment by preliminary objections filed prior to entry of judgment against defendant. In so doing, he may challenge the validity of the attachment by pointing to procedural irregularities, jurisdictional defects, immunity of property from attachment and the fact that no property of defendant was in the garnishee's possession at the time of the attachment, but he may not make a defense to the merits of plaintiff's action against defendant: Goodrich-Amram, vol. 2, Pa. R. C. P. 1268(a) 2, page 153. He properly raised the jurisdictional question in this case by petition, contained in his preliminary objections, analogous to that formerly filed under the Act of March 5, 1925, P. L. 23, 12 PS §672. See Pa. R. C. P. 1017(b) 1.

Garnishee argues the invalidity of Pa. R. C. P. 1265 (c), effective September 1, 1958, which provides:

"(c) The plaintiff may amend his complaint in the same manner as in assumpsit, including averments as to the non-residence of the defendant at the time of the commencement of the action."

He bases his argument on Dulles v. Dulles, 180 Pa. Superior Ct. 598 (1956), which construed the application of Pa. R. C. P. 1033 governing amendments generally to foreign attachment as it existed prior to the addition of subsection (c) to rule 1265 in 1958. He asserts, in accordance with the reasoning of Dulles, supra, that the terms of rule 1265(c) abridge the substantive rights of defendant contrary to the provisions of the enabling Act of June 21, 1937, P. L. 1982, as amended, 17 PS §61, authorizing the Supreme Court

to promulgate rules of civil procedure, as well as Pa. R. C. P. 1461, in which the Supreme Court suspended the Acts of Assembly relating to foreign attachment only "insofar as they apply to the practice and procedure" therein, because it has consistently been held in Levie v. Levie, 361 Pa. 214, and Kohl v. Lyons, 125 Pa. Superior Ct. 347, as well as Dulles, supra, that the nonresidence of defendant is a substantive matter and a jurisdictional fact on which the right to the writ of foreign attachment depends, and that a complaint lacking that averment is both fatally defective and incapable of amendment. He further asserts that proper construction of the rule must be based on the assumption that the Supreme Court did not intend to exceed its statutory rule-making authority or violate its own rule 1461. Thus, the court could not have intended the rule to permit plaintiff's proposed amendment to add the averment of defendant's nonresidence.

Although we recognize the force of garnishee's argument, we are forced to the opposite conclusion. It must be assumed that the Supreme Court, in adopting subsection (c) of rule 1265, considered that it was acting within the powers granted it by the enabling act and within the bounds of its own rule 1461 and, fully cognizant of its own prior decisions and those of the Superior Court in the matter, that, in effect, it was either inferentially overruling the line of cases typified by Levie, Kohl and Dulles, supra, or, which is more probable, it considered the change from the former statutory practice of praecipe, writ, affidavit of cause of action, and statement of claim filed within one year, to the present practice consisting of praecipe, writ and complaint filed within five days, to constitute the averment of nonresidence now to be procedural only and capable of amendment if omitted from the complaint. This would seem to follow from the elimination of the affidavit of cause of action, a wholly distinct and differ-

ent document from the statement of claim then required: Brogan v. Bright-Brooks Lumber Co., 138 Pa. Superior Ct. 409; and a different requirement from the present practice. It was in that affidavit, not in the statement of claim, that the nonresidence allegation was required and its absence was fatal. No such affidavit being required and the present complaint being similar to the former statement of claim, which was not required to contain the averment of nonresidence, and the assumpsit practice now being applicable to foreign attachment, the matter of amendment of the complaint to add the missing allegation would seem to be procedural only. We cannot conceive that the Supreme Court viewed the matter otherwise in adopting rule 1265 (c).

At argument, garnishee withdrew his second reason in support of the attack on jurisdiction. He has not briefed the third and fourth questions raised, namely, a motion for more specific complaint and a demurrer. Consequently, we consider them waived for noncompliance with the requirements of section 2 of the miscellaneous rules of this court on the subject of arguments. But, in any event, after consideration of their content, there is no merit in any of them with the exception of a single matter which becomes moot in view of our subsequent disposition of the second count of the complaint.

The final ground of the preliminary objection is a motion to strike off the second count of the complaint. That count clearly pleads an action ex delicto for a tort occurring outside Pennsylvania. In such matters, foreign attachment will not lie: Pa. R. C. P. 1252; Alpers v. N. J. Bell Tel. Co., 403 Pa. 626. Foreign attachment is an extraordinary remedy and the provisions of the rules, as were those of the earlier statutes, must be strictly construed. Therefore, even though the remedy is available on the first count, since it would not be available as to the second count standing alone, it does not become available on the second count merely

because it lies as to the first. The second count must be struck off.

And now, May 6, 1963, the garnishee's preliminary objection raising the question of jurisdiction is sustained, but leave is granted plaintiff to file an amended complaint within 15 days from the date hereof.

The preliminary objection in the nature of a motion to strike off the second count of the complaint is sustained and the second count is struck off.