## Tops Apparel Manufacturing Company, Inc. *v.* Rothman, Appellant.

584 

Argued November 15, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

 reargument refused August 16, 1968.

*Philip R. Detwiler*, with him *Huganir, Butera and Detwiler*, for appellants.

*Richard M. Lovenwirth*, with him *Joseph W. Forbes*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 5, 1968:

This appeal involves the propriety of the issuance by the court below of a writ of foreign attachment un-

der Pa. R.C.P. 1252(1). That rule provides in pertinent part: "A foreign attachment may be issued to attach property of a defendant . . . when (1) the defendant is an individual who is a nonresident of the Commonwealth, even though he is present in the Commonwealth; . . ." Appellants attack the issuance of this writ, contending that the court below lacked jurisdiction by virtue of the fact that appellants were Pennsylvania residents. However, since appellants did not raise the jurisdictional issue by either preliminary objections[1] or answer, Pa. R.C.P. 1032 mandates that they have waived any jurisdictional objection unless that objection can be properly classified as one involving "subject matter" jurisdiction. The question thus posed is whether appellants' now asserted[2] Pennsylvania residency vitiates the subject matter jurisdiction of the court below.

A question as to subject matter jurisdiction can be raised at any time; the residency requirement in Rule 1252(1), however, involves a question of *personal* not subject matter jurisdiction. In *Jones Memorial Baptist Church v. Brackeen*, 416 Pa. 599, 602, 207 A. 2d 861, 863 (1965) we succinctly stated those elements necessary to determine whether a matter was within the subject matter jurisdiction of a court: "The test of jurisdiction is the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs. The question is whether the court has power to enter into the inquiry and not whether it is able to grant the

---

[1] Appellants' preliminary objections asserted only several alleged defects in the sheriff's service and return; in fact, appellants averred that they were nonresidents domiciled in New Jersey.

[2] According to the record, appellants did not raise their alleged Pennsylvania residence in their preliminary objections. See footnote 1, supra.

relief sought in the particular case." It cannot be doubted that the Court of Common Pleas of Montgomery County is competent to entertain writs of foreign attachment, the general class of cases here involved. The question of appellants' residency, on the other hand, involves *only* whether the court below can grant the writ sought.

Furthermore, an examination of the purpose of a writ of foreign attachment clearly leads to the conclusion that the residency of appellants is a question of personal jurisdiction. Beginning with the Blackstonian era[3] and continuing to today a writ of foreign attachment is the equivalent of a summons for the commencement of a personal action and the means employed to compel an appearance by a nonresident. See *Vant v. Gish,* 412 Pa. 359, 371, 194 A. 2d 522, 528 (1963); *Nazareth Cement Co. v. Union Indemnity Co.,* 116 Pa. Superior Ct. 506, 510, 177 Atl. 64, 66 (1935); Amram & Flood, Pennsylvania Common Pleas Practice, ch. XIX, §1 (6th ed. 1954); Restatement, Judgments, §32 at 128-29 (1942). Given the fact that a writ of foreign attachment is merely a method for compelling an appearance when *personal* service cannot be obtained, to hold that appellants' residency is a question of subject matter jurisdiction is a clear contradiction in terms. Simply, had appellee brought its action in the Orphans' Court of Montgomery County, an objection to that court's jurisdiction on the grounds of subject matter would have been well taken; but the common pleas courts do have subject matter jurisdiction to issue writs of foreign attachment.[4] Therefore, since any

---

[3] See Goodrich-Amram, Standard Pennsylvania Practice §1251-2 (1967).

[4] If appellants are Pennsylvania residents, they are subject to the court's jurisdiction. If they are New Jersey residents, an action may be instituted by foreign attachment. Obviously, the appellants' residence does not affect the court's competency but

objection based upon appellants' residence is not one of subject matter, failure to assert this objection timely under Pa. R.C.P. 1032 works a waiver and appellants cannot attack the lower court's decision to issue the writ on this ground.

Assuming arguendo that residency is a question of subject matter jurisdiction, and that the court below must resolve this issue regardless of when this defect is asserted, we believe that the decision of the court below should be affirmed.[5] Appellants in their preliminary objections admitted that they were New Jersey residents.[6] Admissions of this type, i.e., those contained in pleadings, stipulations, and the like, are usually termed "judicial admissions"[7] and as such cannot later be contradicted by the party who has made them.[8] See Wigmore, Evidence §1603(2) (3d ed.

merely involves a question of the proper procedure to institute suit.

[5] The decision below is appealable under the Act of April 26, 1917, P. L. 102, 12 P.S. §1108. See *Badler v. L. Gillarde Sons Co.*, 387 Pa. 266, 127 A. 2d 680 (1956). *Badler* holds that "the record must plainly present a clear abuse of discretion, before a reversal can be had." Id. at 269, 127 A. 2d at 682.

[6] This is not the first proceeding in which appellants have asserted their New Jersey residency. Thus, in a prior action between appellee and a corporation wholly owned by appellants, appellants insisted both in preliminary objections to a replevin action and in preliminary objections to a writ of foreign attachment appended to the replevin action that they resided in New Jersey. An identical statement of residency was contained in appellants' notice to take depositions. There is thus considerable merit in the following observation of the court below: "It is time the preliminary skirmishing is brought to an end. The plaintiff has been chasing an agile will-o-the-wisp for four years. Now we are asked to grant further delay and allow further roadblocks because one of the principals suddenly changes his mind as to where he has lived all along."

[7] See *Giannone v. United States Steel Corp.*, 238 F. 2d 544, 547 (3d Cir. 1956) (GOODRICH, J., applying Pennsylvania law).

[8] Pennsylvania has followed this rule since *Wills v. Kane*, 2 Grant 60, 63 (Pa. 1853), where it was insisted: "When a man al-

1940). Accepting appellants' contention that residency is a subject matter jurisdictional issue, we can agree that to give the pleadings *conclusive* effect would be to allow the parties to confer subject matter jurisdiction where none existed. Yet that does not mean that admissions in the pleadings have no *evidentiary* value and cannot be used as the basis for a finding that appellants have a New Jersey residency. An examination of the lower court opinion convinces us that the lower court concluded on the basis of this admission, combined with those made in prior pleadings in related litigation,[9] see footnote 3, supra, that the assertion of Pennsylvania residency contained in one of the appellants' depositions was not credible. The finding by the lower court that appellants were New Jersey residents, when approved by the court en banc, has the effect of a jury verdict[10] and will not be disturbed upon appeal if there is adequate record evidence to support this finding.[11] Certainly, appellants' consistent position prior to the deposition is such adequate record evidence and we therefore believe that the order of the court below must be affirmed.

Order affirmed.

---

leges a fact in a court of justice, for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in the administration of justice." Appellants here alleged that they resided in New Jersey in support of their preliminary objection that the writ should be dismissed on the ground of forum non conveniens, an allegation made for their advantage.

[9] The statements as to residency contained in pleadings of prior litigation were clearly admissible as an aid to resolution of this issue. See *Lapayowker v. Lincoln College Preparatory School*, 386 Pa. 167, 176, 125 A. 2d 451, 456 (1956) (and cases cited therein).

[10] *Reid v. Brodsky*, 397 Pa. 463, 156 A. 2d 334 (1959) ; *Teats v. Anderson*, 358 Pa. 523, 58 A. 2d 31 (1948).

[11] *Van Products Co. v. General Welding & Fabricating Co.*, 419 Pa. 248, 257, 213 A. 2d 769, 774 (1965).

CONCURRING OPINION BY MR. JUSTICE JONES:

As I understand, this Court now holds that the question of residency of a defendant in an action of foreign attachment is one of personal and not subject matter jurisdiction, that appellants by their failure to assert this objection timely under Pa. R.C.P. 1032 have waived the question of personal jurisdiction and that, even if residency was a question of subject matter jurisdiction, this Court is bound by the finding of the court below that appellants were residents of New Jersey.

I disagree with the position taken in the majority opinion that the question of residency is one of personal and not subject matter jurisdiction. The nonresidency of a defendant in the Commonwealth is such a prerequisite to the institution of an action of foreign attachment that it assumes the status of a subject matter jurisdictional requirement. Unless it be established that the defendant is a nonresident of the Commonwealth then a court does not have the competency to hear and determine the action. In the absence of the establishment of nonresidency of the instant appellants in the Commonwealth, it is my opinion that the court below would not have had the power to entertain this action.

However, I agree with the view expressed in the majority opinion that we are bound by the finding of the court below that appellants were New Jersey residents and, therefore, would affirm the order of the court below.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

I cannot agree with the majority that the residency requirement under Pa. R.C.P. 1252(1) involves a question of personal and not subject matter jurisdiction.

Appellants challenge the issuance of the writ on the basis that they were residents of Pennsylvania at the

time of issuance, and hence the court below lacked the power or authority to issue such a writ under Rule 1252(1). The court below in sustaining the issuance reasoned that although the residency requirement under Rule 1252(1) may be raised at any time during the proceedings, since the requirement involves a question of subject matter jurisdiction, it nonetheless was not bound to accept a claim of residency disclosed by depositions which contradicted residency averments in prior pleadings filed during the course of this litigation.[1]

I am of the opinion, as was the lower court, that nonresidency of a defendant is at least a jurisdictional prerequisite to the issuance of a writ of foreign attachment. Pa. R.C.P. 1252(1); *Fairchild Engine & Airplane Corp. v. Bellanca Corp.*, 391 Pa. 177, 137 A. 2d 248 (1958). A dispute over the residency requirement goes to the very heart and existence of the court's power and legislative authority to issue such a writ, and consequently, I cannot adhere to the majority's position that the failure to raise the jurisdictional question by way of preliminary objections automatically under Pa. R.C.P. 1032 works a waiver of the opportunity to attack the lower court's decision in issuing the writ on this ground. It is a fundamental principle of law that a litigant can challenge at any time a court's lack of power or authority to act. Therefore, whenever and however the absence of a nonresident defendant is brought to the attention of the court, it is mandatory that the court dismiss the cause of action in foreign attachment. *Dulles v. Dulles*, 180 Pa. Superior Ct. 598, 119 A. 2d 577 (1956); *Stark v. Meyer*, 15 Pa. D. & C. 2d 707, 710 (1958). An action commenced by way of a writ of foreign attachment is a

---

[1] The record indicates that appellants alleged in their formal preliminary objections they were residents of the State of New Jersey.

separate form of action which form of action a court is powerless to hear and determine unless all the jurisdictional prerequisites are present including the non-residency of the defendant.[2]

The lower court, while recognizing the principle that a statutory jurisdictional prerequisite cannot be waived by the parties, still concluded and with the apparent approval of the majority of this Court, that appellants' prior pleadings of residency were determinative of the issue. I disagree.

Whenever a court is confronted with a jurisdictional question of this nature, it must, in my view, make an independent factual determination of a defendant's residency in order to satisfy itself with respect to its jurisdiction over a cause of action in foreign attachment. To accept a claim of residency as determinative, based on pleadings which subsequently are denied, is to permit the parties themselves to create jurisdiction where none exists and in effect is tantamount to a finding that a party may waive a jurisdictional prerequisite. The majority opinion, while recognizing that

---

[2] See 3A Anderson, Pennsylvania Civil Practice §1251.2 (1963) wherein Anderson commenting on the nature of foreign attachment action states: "Under the Rules of Civil Procedure, a foreign attachment preserves its character as a separate form of action, although it is merely a special remedy to enforce a right which ordinarily would have been prosecuted in another form of action. Its character as an individual form of action is recognized by the rules in that the group of rules on foreign attachment is included in the sequence of 'actions at law.' Moreover, the form of writ refers to the commencement of a 'foreign attachment,' rather than the commencement of an assumpsit or an equity action by a writ of foreign attachment."

In 10 Standard Pennsylvania Practice, Attachment, Ch. 42, §26 (1963), it is pointed out that "if the element of nonresidence is lacking this defect *may be raised at any time* and is *not waived* by any action of the defendant in defending on the merits. It is well settled that nonresidence of an individual defendant is a *jurisdictional prerequisite* to the issuance of foreign attachment against him." (Emphasis supplied).

to give the pleadings conclusive effect would be to allow the parties to confer jurisdiction where none existed, nevertheless takes the position that the court below in considering the entire record rendered a finding of fact that appellants' residency averments in subsequent depositions were not credible. In my opinion, the court's ultimate responsibility is to determine the actual residency of appellants in order to determine its jurisdiction.

It is inconceivable to me that the court below had all the necessary information at its disposal when it made this so-called finding of fact that appellants were nonresidents of this Commonwealth. In fact, all the court below had before it were the various pleadings which obviously cannot be sufficient to make a proper finding of fact with respect to appellants' residency or nonresidency.[3] In order to properly dispose of a suggestion that a court lacks jurisdiction to proceed with an action of foreign attachment for want of a nonresident defendant, a court should require that depositions be taken and other forms of evidentiary proof be submitted in order to aid a court in determining the true residence of the defendant. This would be a simple and expedient method by which a court could determine whether or not it had the necessary jurisdiction and the only way in which a court could properly discharge its judicial responsibilities in arriving at the truth.

---

[3] Proof of residency requires the court to consider a number of criteria, including the length of time the debtor remains with or without the state where the writ is issued, his intention with respect to permanent location, the purpose of his stay in a particular place, his business association, the location of his family, and the exercise of his right of suffrage. 6 Am. Jur. 2d, Attachment and Garnishment §226 (1963). Needless to say, the court below and the majority opinion by relying entirely upon the pleadings never considered or evaluated all the necessary factors which must be used to reach a proper and just determination.

Since it is apparent that the court below either failed to make an actual determination of residency or, if it did, failed to take the proper procedural steps to insure the wisdom of such a determination, I would remand the case for a finding as to the actual residency of appellants.

I dissent.

Mr. Justice EAGEN joins in this dissenting opinion.