532 A.2d 889

**EQUIBANK**

v.

**Andrew M. DUBOY, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Oct. 22, 1987.

Victor H. Pribanic, McKeesport, for appellant.
John R. O'Keefe, Jr., Pittsburgh, for appellee.

Before BECK, JOHNSON and HESTER, JJ.

HESTER, Judge:

The judgment debtor in a mortgage foreclosure proceeding has appealed from the order granting the mortgagee bank's petition to fix the fair market value of real estate which resulted in a deficiency judgment against the debtor. The sole issue is whether the trial court erred in disregarding appellant debtor's answer to the petition on the basis that the answer was untimely. We hold that the answer should have been considered on its merits, vacate the order, and remand for further proceedings.

Appellant borrowed $30,000 from Equibank, secured by a mortgage on real estate owned by appellant. Following appellant's default in repayment of the debt, Equibank foreclosed on the mortgage and subsequently purchased the

real estate at sheriff's sale for $5,877.57. Equibank alleges that although the property was worth $57,500, the value was insufficient to satisfy appellant's debt to Equibank as well as other liens on the property.

■ On July 29, 1986, Equibank served[1] upon appellant a petition to fix the fair market value of the real property pursuant to 42 Pa.C.S. § 8103(a).[2] The petition alleged that the real estate was worth $57,500 and that after satisfying other indebtedness on the property, appellant still owed Equibank more than $20,000. On August 5, 1986, the court issued a rule upon appellant to show cause why the fair market value should not be fixed at $57,500, setting a rule return date of August 27, 1986. On August 22, 1986, twenty-four days after service of the petition, appellant filed an answer to Equibank's petition alleging, inter alia,

1. Although the question has not been raised by either party, service of the petition appears to have been improper. Appellant claims to have served the petition under Pa.R.C.P. 440, Service of Legal Papers other than Original Process. Rule 440 governs service of "all legal papers other than original process *filed in an action....*" (emphasis added). The petition contains a certificate of service averring that "a true and correct copy" of the petition was served by mail on July 29, 1986. This certification is improper on its face. On July 29, 1986, the petition had not been filed and thus could not be served under Rule 440. In addition, the order of court contained in the petition, setting a rule return date, was not presented, dated or signed until August 5, 1986. It was thus impossible, on July 29, 1986, to mail a true and correct copy of the petition which was subsequently completed and filed on August 5. Although Rule 440(b) states, "Service by mail of legal papers other than original process is complete upon mailing," Equibank's reliance thereon appears to be invalid, for Rule 440 makes provision for service of true, correct and complete copies of papers which have been filed with the court.

2. 42 Pa.C.S. § 8103(a) provides:
   **§ 8103. Deficiency judgments**
   **(a) General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

that the real estate was worth $110,000 and that the judgment in favor of Equibank should be fully satisfied.

Equibank argued, and the trial court agreed, that 42 Pa.C.S. § 8103(c)(1) *required* the court to fix the value of the real estate at $57,500, the value alleged in the petition. The statute provides:

**(c) Action on petition.—**

(1) If no answer is filed within the time prescribed by general rule, or if an answer is filed which does not controvert the allegation of the fair market value of the property as averred in the petition, the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value.

Equibank argues that appellant's answer was not filed within the twenty-day period prescribed by general rule, so the court had no discretion in the matter due to the directive language in the statute: "the court *shall* determine and fix...."

Appellant argues that his answer to the petition was not untimely, due to Equibank's failure to affix to its petition a notice to plead as required by Pa.R.C.P. 1026(a), which states:

**Rule 1026.  Time for Filing.  Notice to Plead**

(a) Except as provided by subdivision (b), every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

■ Equibank argues, however, that a petition is not a pleading as defined in Pa.R.C.P. 1017(a), so that Rule 1026(a), which applies only to pleadings, does not require that a petition to fix the value of real estate be endorsed with a notice to plead.  Equibank is correct, of course.  A petition is not included in the pleadings listed in Rule 1017(a), and the courts have consistently held that papers not listed in Rule 1017 are not "pleadings" within the

meaning of the Pennsylvania Rules of Civil Procedure. *See Jones v. Van Norman*, 513 Pa. 572, 584, 522 A.2d 503, 509 (1987); *Marzullo v. Stop–N–Go Food Stores of Pittsburgh, Inc.*, 364 Pa.Super. 106, 113, 527 A.2d 550, 553 (1987). Thus, Rule 1026(a) does not require a petition to be endorsed with a notice to plead, as the rule applies only to "pleadings."

■ It does not follow, however, that appellant's answer was untimely, requiring the court to fix the value of the real estate at the value alleged in Equibank's petition. 42 Pa.C.S. § 8103(c)(1) requires such a result only if "no answer is filed *within the time prescribed by general rule.*" Neither the trial court nor appellant has cited a general rule that an answer to a petition must be filed within twenty days after service of the petition. We are not aware of such a rule. As we have already discussed, Pa.R.C.P. 1026(a) does not apply. Rule 1026(a) requires only that "every pleading subsequent to the complaint shall be filed within twenty days after the preceding pleading," but neither a petition nor an answer thereto is a pleading under Rule 1017(a).

The only general rule which might require an answer to a petition to be filed within twenty days after service of the petition is by analogy to Rule 1026(a). If we were to follow that analogy, we would be compelled to conclude, by analogy, that Equibank's petition, lacking a notice to plead, did not require an answer.

Pa.R.C.P. 126 states:

**Rule 126. Liberal Construction and Application of Rules**

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

If there is any substance to the allegations contained in appellant's answer to Equibank's petition, then surely jus-

tice requires that a fair market value of $110,000 rather than $57,500 be credited to appellant. We cannot conceive of any possible way in which Equibank was prejudiced by the answer being filed four days later than Equibank believed it was due, especially in light of Equibank's inability to cite a rule requiring the filing of appellant's answer within twenty days. The lack of prejudice to Equibank is further supported by the fact that a hearing to fix the fair market value of the property had already been scheduled to take place the following week.

In a similar context, the Pennsylvania Supreme Court stated:

> Form must not be exalted over substance, and procedural errors must not be dispositive where there has been substantial compliance with the rules and no prejudice has resulted from purely technical error....
>
> The Rules of Civil Procedure are not ends in themselves, but are designed to insure the fair, orderly and expeditious administration of justice; pleading is not intended to be a game of skill in which "one misstep by counsel may be decisive to the outcome."

*In re Tax Claim Bureau,* 496 Pa. 46, 50, 436 A.2d 144, 146 (1981). The court has also written:

> It has been our policy to overlook such procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result. "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." ... The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure.

*Pomerantz v. Goldstein,* 479 Pa. 175, 179, 387 A.2d 1280, 1281 (1978).

Under Rules 126 and 248, we deem appellant's answer to have been timely. As the answer was timely, the trial court

was not subject to the constraint of 42 Pa.C.S. § 8103(c)(1). We therefore vacate the order which granted Equibank's petition, and remand the case for a determination of the merits of the petition and answer. Jurisdiction is relinquished.

BECK, J., concurs in the result.