## Himmelreich v. Baugher Insurance Agency

*Charles I. Himmelreich,* for plaintiffs.

*Frank J. Lavery,* for defendant Baugher Insurance Agency.

*David Mills,* for defendant Yorktowne Mutual Insurance.

*Jefferson J. Shipman,* for defendant Pennsylvania National Insurance.

KUHN, *J.,* November 22, 1995—The procedural history of this matter is relevant. On October 11, 1994, plaintiffs filed a 12 count complaint against defendants, Baugher Insurance Agency (Count nos. I, II, III, XII), Yorktowne Mutual Insurance Company (Count nos. IV, V, VI, VII, VIII), and Pennsylvania National Insurance Companies (Count nos. IX, X, XI). The complaint concerns insurance coverage, or lack thereof, for a property which plaintiffs bought at a tax sale on September 13, 1991, but were not able to possess until August 24, 1993, due to challenges to the propriety of the tax sale. On November 1, 1991, Baugher allegedly issued to plaintiffs a policy underwritten by Penn National

who subsequently refused to renew the policy after its initial one year term. Baugher then issued two Yorktowne policies to replace the Penn National policy. Plaintiffs claim that the premises was damaged by the former owners before plaintiffs could take possession but that Yorktowne refused to honor the claim. In simplistic terms the complaint against Baugher is for failing to obtain proper coverage, against Yorktowne for not covering the claim and against Penn National for refusing to renew its policy.

Preliminary objections were filed by Baugher (November 2, 1994) and Penn National (November 3, 1994) whereas Yorktowne filed an answer with new matter (November 8, 1994). On November 23, 1994, plaintiffs filed an amended complaint and several days later responded to Yorktowne's new matter. Preliminary objections were filed to the amended complaint by Yorktowne (December 7, 1994), Baugher (December 12, 1994) and Penn National (December 14, 1994). These preliminary objections are before the court for disposition.

## PRELIMINARY OBJECTIONS BY YORKTOWNE

Yorktowne contends that plaintiffs filed the amended complaint in violation of Pa.R.C.P. 1028 and 1033 and seeks to strike certain paragraphs of the amended complaint. Rule 1028(c)(1) allows a party to file an amended pleading within 20 days after service of preliminary objections. Yorktowne argues that because it did not file any preliminary objections plaintiffs had no authority under this rule to file an amended complaint against Yorktowne. After the passage of 20 days, Rule 1033 allows a party to file an amended pleading with the consent of the adverse party or by leave of court. York-

towne contends that plaintiffs had neither consent nor leave to file the amended complaint.[1]

There is general recognition that the filing of preliminary objections has the effect of staying the proceeding until there has been disposition of the objections. Where there is a timely amendment of the complaint before disposition of the objections those objections become moot. Neither party has cited any case which addresses the instant situation where some but not all defendants file preliminary objections and a plaintiff files an amended complaint as to all defendants after answer has been filed by the non-objecting defendant.

Without setting a definitive rule the court believes these matters should be considered on a case-by-case basis. If Yorktowne's request is granted there would be inconsistency in the allegations regarding the various defendants which could be quite confusing. We believe it is better practice to allow the amendment but allow Yorktowne to replead, including, inter alia, the filing of preliminary objections raising the statute of limitations. If the amendment raises a new cause of action beyond the statute of limitations, it would be easier to jettison that cause of action at that juncture than to deal with confusing and inconsistent averments.

## PRELIMINARY OBJECTIONS BY BAUGHER

(1) Baugher claims that plaintiffs did not file the amended complaint within 20 days after service of its preliminary objections as required by Pa.R.C.P. 1028(c). Baugher asserts that its objections were served upon

---

1. Yorktowne's brief also contends that the amended complaint raises claims which would be barred by the one year statute of limitations, 40 P.S. §636, however, that issue was not raised in Yorktowne's preliminary objection and will, therefore, be disregarded.

plaintiffs by letter dated October 31, 1994 or 23 days prior to the filing of the amended complaint and that Pa.R.C.P. 440(b) provides that service is complete upon mailing. However, under Rule 440 it is improper to serve a pleading by mail which was filed subsequent to the date of mailing. See *Equibank v. Duboy,* 367 Pa. Super. 261, 263 n.1, 532 A.2d 889 n.1 (1987). Thus plaintiffs were not technically served on October 31, 1994, and their amended complaint is timely.

(2) Baugher filed a demurrer claiming that plaintiffs failed to state a cause of action in fraud (Count II) because plaintiffs failed to set forth the averments of fraud with particularity. Pa.R.C.P. 1019(b). It is well-known that a demurrer admits all well pleaded and material facts set forth in a complaint as well as all inferences reasonably deducible therefrom. It does not admit conclusions of law but does test the legal sufficiency of the pleadings. Therefore, the demurrer will only be sustained where the law says with certainty that the plaintiff has failed to state a cause of action for which relief can be granted. *Seils v. Gettysburg Area Industrial Development Authority,* 37 Adams Leg. J. 67, 69 (1995).

The elements necessary to prove fraud are (1) a false representation of an existing fact, (2) if the misrepresentation is innocently made, then it is actionable only if it relates to a matter material to the transaction involved; while if the misrepresentation is knowingly made or involves a non-privileged failure to disclose, materiality is not a requisite to the action, (3) scienter, which may be either actual knowledge of the truth or falsity of representation, reckless ignorance of the falsity of the matter or mere false information where a duty to know is imposed upon a person by reason of special circumstances, (4) reliance, which must be justifiable

so that common prudence or diligence could not have ascertained the truth, and (5) damage to the person relying thereon. *Wilson v. Smith,* 36 Adams Leg. J. 183, 186 (1994). Of course, one alleging fraud has the burden of proving it by clear, precise and indubitable evidence. *Mancini v. Morrow,* 312 Pa. Super. 192, 201, 458 A.2d 580, 584 (1983). As noted Rule 1019(b) requires that fraud must be averred with particularity. In *Martin v. Lancaster Battery Co. Inc.,* 530 Pa. 11, 606 A.2d 444 (1992) that court stated "although it is impossible to establish precise standards as to the degree of particularity required under this rule, two conditions must be met to fulfill the requirement: (1) the pleadings must adequately explain the nature of the claim to the opposing party so as to permit the preparation of a defense, and (2) they must be sufficient to convince the court that the averments are not merely subterfuge." *Id.* at 18, 606 A.2d at 448. Certainly an averment of fraud standing alone would not satisfy the rule.

The main thrust of Baugher's objection is its contention that plaintiffs failed to aver any misrepresentations or fraudulent utterances. However, viewing the amended complaint as a whole the averments pled are sufficient to defeat a demurrer.

(3) Baugher filed a demurrer claiming that plaintiffs failed to state a cause of action under the Unfair Trade Practices and Consumer Protection Law, UTPCPL, 73 P.S. §201-1, et seq. (Count III.) It is not entirely clear to the court what is allegedly deficient with the amended complaint and for that reason alone we might decline further comment. Nevertheless, we add the following discussion.

Pennsylvania courts have held that the Act is to be liberally construed, *Commonwealth v. Bell Telephone Company of Pennsylvania,* 121 Pa. Commw. 642, 647,

551 A.2d 602, 604 (1988), so as to effectuate, as fully as possible, the legislature's purpose of preventing unfair and deceptive practices. *Culbreth v. Lawrence J. Miller Inc.,* 328 Pa. Super. 374, 391, 477 A.2d 491, 495 (1984).

The UTPCPL provides that

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers ascertainable loss . . . as the result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action . . . ." 73 P.S. §201-9.2.

Section 73 P.S. §201-3 of the Act provides that unlawful acts or practices are those "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" as defined in 73 P.S. §201-2(4)(i)-(xvii) and regulations promulgated under 73 P.S. §201.3.1.

The amended complaint does not specifically set forth the applicable subsections of 73 P.S. §201-2(4) upon which plaintiffs rely, however, the court feels safe in concluding that they are proceeding under the "catchall" provision in subsection (xvii) which prohibits "engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." Although fraud has not been defined in the Act, it has been interpreted to be the equivalent of common-law fraud. *Prime Meats Inc. v. Yochim,* 422 Pa. Super. 460, 469, 619 A.2d 769, 773 (1993), *alloc. denied,* 538 Pa. 627, 646 A.2d 1180 (1994). Having earlier concluded that plaintiffs have adequately pled a cause of action in common-law fraud, it follows that they have also pled a cause of action under the UTPCPL. The averments of the amended complaint in this action are much more particularly detailed than the averments in *Nelson v.*

*Old Guard Mutual Insurance Co.,* 13 D.&C.4th 173 (Fulton Co. 1990) relied upon by Baugher.

(4) Baugher filed a demurrer to Count XII claiming that plaintiffs failed to state a cause of action for libel. First, Baugher argues that the statute of limitations for defamation is one year, 42 Pa.C.S. §5523(1) and suggests that the amended complaint alleges no libelous conduct within one year of the commencement of this action by writ of summons on August 19, 1994. The alleged libel concerns Baugher's listing of plaintiffs as a bad credit risk in a credit report. The amended complaint avers that plaintiffs obtained possession of the premises on August 24, 1993, assessed damages and had Baugher's owner inspect the premises the following day. (¶¶30, 31.) Thereafter, Penn National and Yorktowne refused to pay plaintiffs' claims. (¶¶33, 34.) It was "after all the events set forth above . . . had transpired" that Baugher allegedly placed plaintiffs' names in the credit report. (¶123.) Obviously, the action was commenced within one year after the alleged libelous publication.

Second, Baugher contends that it is entitled to a conditional privilege and that there are no averments that the privilege was abused. For this purpose we draw extensively from the opinion of the Honorable Judge Vincent A. Cirillo in *Elia v. Erie Insurance Exchange,* 430 Pa. Super. 384, 634 A.2d 657 (1993), *alloc. denied,* 537 Pa. 662, 644 A.2d 1200 (1994).

"In an action for defamation, the plaintiff must prove:

"(1) the *defamatory character* of the communication;

"(2) its *publication* by the defendant;

"(3) its *application* to the plaintiff;

"(4) the *understanding by the recipient* of its defamatory *meaning;*

"(5) the *understanding by the recipient* of it as intended to be applied to the plaintiff;

"(6) *special harm* resulting to the plaintiff from its publication; and

"(7) *abuse of a conditionally privileged occasion.* 42 Pa.C.S. §8343(a). (emphasis added) . . . The defendant has the burden of proving, when relevant to the defense:

"(1) the *truth* of the defamatory communication;

"(2) *the privileged character of the occasion on which it is published;* and

"(3) the character of the subject matter of defamatory comment as of *public concern.* 42 Pa.C.S. §8343(b). (emphasis added)

"Defamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her. . . . Under Pennsylvania defamation law, only statements of fact can support an action for libel or slander, not merely expressions of opinion. 42 Pa.C.S. §8343(a). . . . Further, whether a particular statement or writing constitutes fact or opinion is a question of law for the court to determine in the first instance. . . . Additionally, it is within the trial court's province to determine whether the challenged statements are capable of having defamatory meaning. . . .

"Next, in order for defamation to occur in the form of either libel or slander, the defamatory statement must be published or communicated to a third person. . . .

"Notwithstanding the above, a publisher of a defamatory matter is not liable if the publication was made subject to a privilege, and the privilege was not abused. . . . 'Communications made on a proper oc-

casion, from a proper motive, in a proper manner, and based upon reasonable cause are privileged.' . . . Examples of such occasions giving rise to conditional privileges are:

"(1) when some interest of the publisher of the defamatory matter is involved;

"(2) when some interest of the recipient of the matter, or a third party is involved; or

"(3) when a recognized interest of the public is involved. . . .

"Depending upon the importance of the publisher's actions to society, the privilege may be absolute or conditional/qualified . . . ." *Elia, supra* at 389-91, 634 A.2d at 659-60. (citations omitted)

In *Baird v. Dun & Bradstreet Inc.,* 446 Pa. 266, 285 A.2d 166 (1971) the court stated "[a] cause of action in libel is not adequately pleaded by merely alleging, without any supporting facts or exhibits, that a publication is scandalous, malicious, defamatory and libelous." *Id.* at 272, 285 A.2d at 170. The court also held once it is shown that a credit reporting agency is in the business of reporting financial information to subscribers who request such information, those reports are prima facie conditionally privileged and a plaintiff must prove abuse of that privilege.

Reading Count XII the averments regarding an alleged defamatory publication consist of no more than that Baugher listed plaintiffs' names in a credit report as a bad credit risk, that the credit report was distributed to others and that the statements were false. We conclude that these averments standing alone are inadequate to withstand a demurrer. A cause of action for libel is based upon a writing and as such that writing is to be attached to the complaint. Pa.R.C.P. 1019(h). The

court is, therefore, unable to examine the communication to determine its defamatory character. It is also unclear to whom Baugher distributed the report and the context in which the publication was made.

It is premature to determine whether a conditional privilege is present because that burden initially falls upon Baugher not plaintiffs. It is, therefore, also premature to decide whether plaintiffs have properly pled abuse of that privilege.

(5) Baugher argues that plaintiffs have not pled the requisite conduct that would entitle them to punitive damages in Counts III and XII.[2] A request for punitive damages is incidental to a cause of action and does not itself constitute a cause of action. *Nix v. Temple University,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991).

The Superior Court in *Smith v. Celotex Corp.,* 387 Pa. Super. 340, 564 A.2d 209 (1989), recently discussed the guidelines for determining whether punitive damages are appropriate in a given set of circumstances.

"It has long been the law of Pennsylvania that punitive damages are appropriate only in the most circumscribed situations. Section 908 of the Restatement (Second) of Torts, which has been adopted in Pennsylvania, sets forth the governing principles for awards of punitive damages:

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature

---

2. Although a demurrer to Count XII has been sustained, it is included in this discussion in anticipation that plaintiffs will attempt to replead that cause of action.

and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant. Restatement (Second) of Torts §908(2) (1965). See also, *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58, 69 (1989); *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 555 A.2d 800 (1989); *Martin v. Johns Manville Corp.,* 508 Pa. 154, 168, 494 A.2d 1088, 1096 (1985) (plurality); *Chambers v. Montgomery,* 411 Pa. 339, 344, 192 A.2d 355, 358 (1963).

"The reckless disregard of the rights of others that is required under section 908 is further explained by section 500 of the Restatement, which defines 'reckless disregard' as follows:

"The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. Restatement (Second) of Torts §500 (1965).

"Thus, as the Supreme Court opined in *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984), in determining whether punitive damages should be awarded, '[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.' *Id.* at 396, 485 A.2d at 748. See also, *Rizzo v. Haines, supra; Thomas v. American Cytoscope Makers Inc.,* 414 F. Supp. 255 (E.D. Pa. 1976); *Neal v. Carey Canadian Mines Ltd.,* 548 F. Supp. 357, 374 (E.D. Pa. 1982). This focus is unquestionably proper, since the purpose of punitive damages is to punish the defendant's

conduct and deter similar behavior in future. See *Kirkbride, supra;* Restatement (Second) Torts §908(1). Where the defendant has acted in a merely negligent manner, or even a grossly negligent manner, there is insufficient culpability and awareness by the defendant of the nature of his acts and of their potential results either to warrant punishment or effectively to deter similar future behavior." *Smith v. Celotex, supra* at 343-45, 564 A.2d at 210-11.

Whether plaintiffs are able to prove conduct outrageous enough to justify punitive damages will be decided at another time. The pleadings are sufficient at this point, and it would be premature to rule on the averments now. *McClellan v. Health Maintenance Organization of Pennsylvania,* 413 Pa. Super. 128, 145, 604 A.2d 1053, 1061 (1992), *alloc. denied,* 532 Pa. 664, 616 A.2d 985 (1992); *Lang v. Emig,* 34 Adams Leg. J. 254, 256 (1992). However, Baugher will have an ample opportunity before trial to develop a record and have this issue reviewed.

(6) Baugher finally attacks the specificity of the averments in Counts II, III and XII. A motion for a more specific pleading will be denied if the averments of the pleading are sufficient to enable the responding party to file his answer. *Tanon v. Knouse,* 34 Adams Leg. J. 207, 209 (1992). With the exception of Count XII, the averments are sufficient for that purpose.

## PRELIMINARY OBJECTIONS OF PENN NATIONAL

(1) Penn National demurs to Count IX by arguing that its failure to renew the insurance policy does not constitute fraud. We agree. Whether or not Penn National misrepresented an existing fact (ownership status of

the subject premises) it would have been something plaintiffs would have known to be untrue, if in fact it was, and would not be something upon which they could justifiably rely.

(2) Penn National demurs to Count X, an alleged violation of the UTPCPL. Plaintiffs have not identified how Penn National's conduct has violated any of the first 16 unfair or deceptive acts or practices set forth in 73 P.S. §201-2(4)(i)-(xvi). Having ruled that plaintiffs have not stated a cause of action for common-law fraud, their claim would likewise fail under 73 P.S. §201-2(4)(xvii).

(3) Penn National requests dismissal of any claims for punitive damages in Counts IX and X. This issue becomes moot in light of the demurrers granted to those counts.

Accordingly, the attached order is entered.

## ORDER

And now, November 22, 1995, it is hereby ordered that:

(1) The preliminary objections filed by Baugher Insurance Agency are denied except the demurrer to Count XII is granted.

(2) The preliminary objections filed by Pennsylvania National Insurance Companies are granted.

(3) The preliminary objections filed by Yorktowne Mutual Insurance Company are denied. Plaintiffs are granted 20 days from the date of mailing of this order to file any amendments to the amended complaint. Responsive pleadings shall be filed 20 days thereafter.