J-S32027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RUTH Y. WINGARD, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT E. SEANOR, | |
| Appellee | No. 1881 WDA 2014 |

Appeal from the Order Entered October 17, 2014
In the Court of Common Pleas of Butler County
Civil Division at No(s): F.C. No. 80-90847-D

BEFORE:  SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 25, 2015**

Appellant, Ruth Y. Wingard (hereinafter "Wife"), appeals from the order entered on October 17, 2014, granting in part and denying in part Wife's "Petition to Enforce Alimony."  We affirm.[1]

The trial court has ably explained the underlying facts of this case:

> The parties hereto, [Wife] and Robert Seanor [(hereinafter "Husband")], were married on June 8, 1957, and divorced on April 21, 1979.  As part of the divorce proceedings[,] the parties entered into a settlement agreement which was adopted by Order of Court on February 15, 1979 ("1979 Agreement").   The parties entered into a subsequent agreement pursuant to an Interim Order dated November

---

[1] Within Husband's appellate brief, Husband claims that Wife's appeal is frivolous and that her conduct has been obdurate, vexatious, and done in bad faith; Husband requests that this Court "award [] counsel fees, costs[,] and damages" and remand the matter so that the trial court may determine the amount of the award.  We deny Husband's request for relief.

10, 1980 ("1980 Agreement"), which modified the 1979 Agreement. The 1980 Agreement was finalized by Order of Court dated December 1, 1980.

The 1980 Agreement provided in pertinent part:

[When [Husband's] obligation for support of his son shall terminate for any reason, the sum of $500.00 per month plus one-half of any increase in the net pension above $566.09 per month shall be payable to [Wife] until February 1, 1994, said sums to be paid out of the military pension. Thereafter, support shall continue being paid to [Wife] in the amount of one-half of the net pension as it then exists or as it shall be from time to time increased in the future for the natural life of [W]ife. . . . The portion of payments hereunder payable to [W]ife shall be treated as alimony. . . .]

[On March 10, 2014, Wife filed a "Petition to Enforce Alimony," naming Husband as the respondent. In pertinent part, the petition declared:

5. Since the issuance of the last order[, Husband] converted his Air [F]orce Retirement to a Civil Service Retirement.

6. [Wife] has received [$482.00] per month since February 1994.

7. [Wife] has not received any portion of cost of living adjustments.

8. [Wife] avers upon information and belief that she should have received a total of $170,057.28 from February 1994 until August 2013.

9. However, [Wife] received only a total of $113,270.00 since February 1994, leaving a balance due and owing to [Wife] in the amount of $56,787.04.

. . .

- 2 -

13. The November 10, 1980 Order provides [that W]ife should receive one-half [] of the net pension for the natural life of [] Wife.

14. [Husband] should be ordered to obtain a life insurance policy in which [Wife] is named the irrevocable beneficiary in order for [Wife] to receive the support for the remainder of her natural life should [Husband] predecease [Wife].

15. Said life insurance policy should be in the amount of $131,787.00 (which represents the amount currently owed to [Wife] plus the future amount owed to [Wife]).

16. [Wife] wishes to modify support to comply with the November 10, 1980 Order, be awarded current and back support determined by the cost of living adjustments, and for [the trial court] to force [Husband] to obtain a life insurance policy in which [Wife] is named the irrevocable beneficiary.

Wife's Petition to Enforce Alimony, 3/10/14, at 4-5 (internal emphasis omitted).]

[By order entered May 21, 2014, the trial court declared that a hearing on Wife's petition would take place on August 14, 2014. On the day of the hearing, t]he [trial c]ourt initially met with counsel in chambers. Based upon the discussion with counsel, the [trial c]ourt stated in open court on the record that "the facts are not in dispute, only the existence of survivor benefits and what the applicable law is to determine that." Then, counsel for Husband . . . stated on the record in open court:

As we indicated in Chambers, **we have agreed** that the monthly alimony on a present basis, net of tax, and that is the amount that would be in the Order, is $750.10, **and that the arrears which are recognizable total $13,072.77**.

. . .

[T]he applicable provision of the contract here says that alimony is to be payable to [Wife,] which is measured by

- 3 -

one-half of the net military pension. It's payable for her lifetime. And that's what the contract says. And the dispute, as Your Honor indicated at the outset, is that [Wife] takes the position that somehow that converts to a survivor interest in the pension itself, which we've argued was not possible in 1979 or 1980, and is, beyond that, not what the contract provides. So those are the matters I think will be addressed by the submissions of counsel.

[N.T. Hearing, 8/14/14, at 3-5 (emphasis added).]

Following [Husband's counsel's] representations, counsel for Wife [] stated: "**I am in agreement with all the facts that were presented by [Husband's counsel] as well as the agreements that were []presented into evidence**." [*Id.* at 6 (emphasis added).] Accordingly, [the trial court declared that, at the conclusion of the hearing, the only matter left for the trial court to decide was whether Wife was entitled to a modification of the 1980 Agreement, to declare that she was entitled to] survivor benefits . . . .

Trial Court Opinion, 10/17/14, at 1-3.

Following the hearing (but before the trial court issued its final order in the case), Wife filed a "Memorandum of Law in Support of Petition to [Enforce] Alimony." Within this memorandum, Wife attempted to retreat from her in-court stipulation that the "the [alimony] arrears which are recognizable total $13,072.77." N.T. Hearing, 8/14/14, at 3-6. Wife's memorandum claimed that her earlier stipulation was based upon her belief that the four-year statute of limitations for contract actions applied to her arrearages claim – and that she was now of the opinion that the four-year statute of limitations was inapplicable to her claim. Wife's Memorandum in Support, 8/28/14, at 6. Further, with respect to Wife's claim that the trial

court order "[Husband] to obtain a life insurance policy in which [Wife] is named the irrevocable beneficiary," Wife's memorandum stated:

> the parties appear to agree that, due to Husband's advanced age and declining health, Husband will be unable to secure life insurance[. Thus,] the only reasonable alternative available to secure Husband's responsibility to Wife is to direct Husband to take all steps necessary to name Wife as survivor beneficiary/annuitant on Husband's federal civil service pension.

*Id.* at 8.

On October 17, 2014, the trial court entered an order that granted Wife's Petition to Enforce Alimony in part and denied the petition in part. Specifically, and in accordance with the parties' stipulation in open court, the trial court ordered that Wife was "entitled to back alimony in the amount of $13,072.77, and current alimony in the amount of $750.10 per month;" however, the trial court denied the remainder of Wife's petition. Trial Court Order, 10/17/14, at 1.

Wife filed a timely notice of appeal; she now raises two claims before this Court:

> [1.] Whether the trial court erred when [it] applied a four [] year statute of limitations to [Wife's] claim for arrearages owed to [Wife]?
>
> [2.] Whether the trial court erred when [it] did not order that [Husband's] responsibility to pay [Wife] alimony for the remainder of her natural life be secured by a policy of life insurance or by [Wife] being named as survivor beneficiary/annuitant of [Husband's] federal civil service pension?

Wife's Brief at 4 (some internal capitalization omitted).

Wife has waived her appellate claims.

According to Wife's first claim on appeal, Wife contends that the trial court erred in calculating the alimony arrearages that Husband owed to Wife. This claim is waived because, during the August 14, 2014 hearing, Wife stipulated that "the [alimony] arrears which are recognizable total $13,072.77." N.T. Hearing, 8/14/14, at 3-6. As we have explained:

> Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party. **Nasim v. Shamrock Welding Supply Co.**, 563 A.2d 1266, 1267 (Pa. Super. 1989) ("It is well established that a judicial admission is an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission."). Judicial admissions are deemed true and cannot be contradicted by the admitting party. **Rizzo v. Haines**, 555 A.2d 58, 59 (Pa. 1989); **Wills v. Kane**, 2 Grant 60, 63 (Pa. 1853) ("When a man alleges a fact in a court of justice, for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in the administration of justice."). If there is some support in the record for the truth of an averment, the trial court abuses its discretion if it disregards the admission. **Rizzo**, 555 A.2d at 69. Such averments are binding on a party whether admitted by counsel or the client. **Glick v. White Motor Co.**, 458 F.2d 1287, 1291 (3rd Cir. 1972). Such admissions are considered conclusive in the cause of action in which they are made—and any appeals thereof [] – and the opposing party need not offer further evidence to prove the fact admitted.

**John B. Conomos, Inc. v. Sun Co.**, 831 A.2d 696, 712-713 (Pa. Super. 2003) (some internal citations omitted).

Both Wife and the trial court were bound by her stipulation that "the [alimony] arrears which are recognizable total $13,072.77." N.T. Hearing,

8/14/14, at 3-6; *see also Kershner v. Prudential Ins. Co.*, 554 A.2d 964, 966 (Pa. Super. 1989) (*en banc*) ("stipulations are binding upon the court as well as on the parties agreeing to them").  Wife cannot now claim that the trial court erred when, pursuant to the parties' stipulation, it ordered that Wife was "entitled to back alimony in the amount of $13,072.77."  Wife's first claim on appeal is thus waived.

With respect to Wife's second claim on appeal, Wife contends that the trial court erred when it failed to order Husband "to obtain either a life insurance policy [or] take all steps necessary to name [Wife] as survivor beneficiary/annuitant on [Husband's] federal civil service pension in order to secure [Husband's] obligation to [Wife]."  Wife's Brief at 11.  Wife's claim regarding the life insurance policy is waived because, within Wife's post-hearing memorandum, Wife admitted that, "due to Husband's advanced age and declining health, **Husband will be unable to secure life insurance**."  Wife's Memorandum in Support, 8/28/14, at 8 (emphasis added); *see Ciamaichelo v. Independence Blue Cross*, 928 A.2d 407, 413 (Pa.Cmwlth. 2007) ("[a] party's statement in its brief is treated as a judicial admission, which, although not evidence, has the effect of withdrawing a particular fact from issue"); 8 SPP 2d § 50:15 (same).  Wife cannot claim that the trial court erred in failing to order that Husband obtain a life insurance policy, when Wife concedes that Husband **cannot** secure such a policy.

Wife has also waived her claim that the trial court erred in failing to order that Husband "take all steps necessary to name [Wife] as survivor beneficiary/annuitant on [Husband's] federal civil service pension." Wife's Brief at 11. Wife's petition requested only that the trial court order Husband "to **obtain a life insurance policy** in which [Wife] is named the irrevocable beneficiary in order for [Wife] to receive the support for the remainder of her natural life should [Husband] predecease [her]."[2] Wife's Petition to Enforce Alimony, 3/10/14, at 4 (emphasis added). Further, within her brief on appeal, Wife does not explain how she could, or why she should, be named as "survivor beneficiary/annuitant on [Husband's] federal civil service pension." **See Rabatin v. Allied Glove Corp.**, 24 A.3d 388, 396 (Pa. Super. 2011) (Superior Court "may not act as counsel for an appellant and develop arguments on [her] behalf"). Thus, since Wife did not plead her claim for relief in her petition or develop her argument on appeal, Wife's claim on appeal is waived.

_____

[2] Moreover, even if Wife properly claimed that she should be named as "survivor beneficiary/annuitant on [Husband's] federal civil service pension," Wife's claim would fail. Under the terms of the support agreement, Wife possessed no direct interest in Husband's pension; rather, Husband's "net pension" merely served as an index for Wife's alimony payment. The 1980 Agreement, 11/10/80, at ¶ 3 ("support shall continue being paid to [Wife] **in the amount of** one-half of the net pension") (emphasis added). Therefore, under the terms of the 1980 Agreement, Wife's support payment was contingent upon **the existence** of a pension payment to Husband. Under the terms of the 1980 Agreement, since Husband's pension payments will end when he dies, Wife would not be entitled to alimony in the event Husband predeceases Wife.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/2015