J-A24028-19 & J-A24029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NANCY BAUDENDISTEL, AS EXECUTRIX OF THE ESTATE OF TIMOTHY O'SULLIVAN, SR. | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| HAROLD MACKING AND RAELENE MACKING | : : : : | No. 8 EDA 2019 |
| Appellants | : | |

Appeal from the Judgment Entered January 29, 2019
In the Court of Common Pleas of Wayne County Civil Division at No(s):
339-CIVIL-2016

| | | |
|---|---|---|
| NANCY BAUDENDISTEL, AS EXECUTRIX OF THE ESTATE OF TIMOTHY O'SULLIVAN, SR. | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| HAROLD MACKING AND RAELENE MACKING | : : : : | No. 9 EDA 2019 |
| Appellants | : | |

Appeal from the Judgment Entered January 29, 2019
In the Court of Common Pleas of Wayne County Civil Division at No(s):
339-CIVIL-2016

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 13, 2020**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals,[1] Appellants, Harold and Raelene Macking, appeal from the Judgment entered on January 29, 2019, in the Wayne County Court of Common Pleas following a bench trial in this action arising from a breach of a loan agreement. After careful review, we affirm.

The facts and procedural history, as gleaned from the record, are as follows. On July 21, 2009, Appellants entered into a typewritten loan agreement (the "Agreement") with Timothy O'Sullivan, Sr., in which Mr. Sullivan agreed to loan Appellants $31,380 at 5 percent interest and Appellants agreed to repay Mr. O'Sullivan in monthly installments of $500. Mr. O'Sullivan then provided Appellants with a check for $31,380, which Ms. Macking cashed. Appellees thereafter made sporadic payments on the loan. In November 2014, Mr. O'Sullivan died testate. Appellants made no payments after his death.

In December 2014, the Register of Wills issued Letters Testamentary to Appellee, Nancy Baudendistel, Mr. O'Sullivan's daughter. Appellee discovered the Agreement and record of partial payment while going through the decedent's papers. She contacted Mr. Macking, who acknowledged that he and his wife still owed money under the Agreement, but he and Appellee could not agree as to the remaining balance.

---

[1] We have consolidated the appeals *sua sponte*.

In June 2016, Appellee commenced this action against Appellants, alleging that Appellants had defaulted on the Agreement and owed the balance of the loan plus interest. Discovery proceeded, with, *inter alia*, Appellants providing disposition testimony.

On April 20, 2018, a bench trial commenced at which Appellants, Appellee, and Appellee's brother testified. Appellee entered the Agreement into evidence, and Appellants entered Timothy J. O'Sullivan, Sr. 2016 Inheritance Tax Return ("Tax Return") into evidence. The parties stipulated that Appellees repaid Mr. O'Sullivan $5,650 *via* checks between July 2009 and November 2014.

Ms. Macking testified that she did not sign the Agreement. She claimed she signed a similar document that was handwritten, not typed, which did not contain terms regarding interest. She also testified that she and her husband repaid approximately $25,000 of the loan in cash, and repaid the loan in full during the summer of 2014.

In contrast, Mr. Macking testified that he signed the Agreement. He acknowledged that it was possible that he and his wife still owed money under the Agreement. Mr. Macking recalled making the following limited cash payments: $2,400 from the sale of his camper; $1,000 from the sale of his snowmobile; $700; $500; $200 in May 2014; $300 in June 2014; and $200 in July 2014.

On July 16, 2018, the court issued its Findings and Decision, concluding that Appellants breached the terms of the Agreement by not paying the loan as agreed, and determined that the remaining balance of the Agreement was $20,330.

The court found Mr. Macking's testimony credible, but found Ms. Macking's testimony incredible. The court specifically noted her inability to recall making cash payments and inconsistencies between her deposition and trial testimonies.

Appellants filed two Post-Trial Motions. On November 20, 2018, the court denied the Motions.

This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following nine issues on appeal, reordered for ease of disposition:

    I.     The [c]ourt allowed testimony not permitted under the Dead Man's Statute.

    II.    The alleged written loan document should not have been admitted into evidence for the sole reason there was clearly a chain of title issue which made the document inadmissible.

    III.   The [c]ourt did not hear opening or closing arguments, nor did the [c]ourt even address the issue.

    IV.   The [c]ourt did not permit [Appellants] to fully and completely answer the questions of [Appellee's] trial counsel and, thereby, denied [Appellants] due process.

V.      The [c]ourt[']s [r]uling in favor of Appellees and against the Appellants goes against the weight of the evidence.

VI.     The Inheritance Tax Return concerning the Estate of Timothy J. O'Sullivan, Sr. is devoid of any mention of the alleged debt of [Appellants] to the Estate of Timothy J. O'Sullivan, Sr. and, as such, is a [j]udicial [a]dmission.

VII.    The failure to list the Appellants['] alleged debt on the Timothy J. O'Sullivan, Sr. Inheritance Tax Return was a Statement  Against Interest which the [c]ourt failed to recognize and address in [its] Findings of Fact and subsequent ruling.

VIII.   The Appellee's failure to list the alleged debt of the Appellants on the Inheritance Tax Return of Timothy J. O'Sullivan, Sr., never filing a Supplemental Inheritance Tax Return and receiving Pennsylvania Department of Revenue's Notice of Inheritance Tax Appraisement, Allowance or Disallowance of Deductions and Assessment of Tax is clear evidence of perjury.

IX.     The signed Verification attached to the Complaint in this matter is clearly erroneous and false as demonstrated by the trial testimony of [Appellee], Executrix of the Estate of Timothy J. O'Sullivan.

Appellant's Br. 29 at 4-8.

In their first four issues, Appellants contend that the trial court committed numerous errors during the trial. Specifically, they assert the court improperly (1) permitted testimony excluded under the Dead Man's Statute; (2) admitted the written loan agreement document; (3) failed to hear opening or closing arguments; and (4) precluded Appellants from fully and completely answering Appellee's counsel's questions. Appellants' Br. at 25-31. Based on the following settled law, we conclude Appellant failed to preserve these issues for appellate review and they are, thus, waived.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In order to preserve an issue for review, a party must make a contemporaneous objection at the appropriate stage of the proceedings before the trial court. **Commonwealth v. Tucker**, 143 A.3d 955, 961 (Pa. Super. 2016); **State Farm Mut. Auto. Ins. Co. v. Dill**, 108 A.3d 882, 885 (Pa. Super. 2015). **See also** Pa.R.A.P. 2119(e) (requiring an appellant to identify where in the record he preserved an issue for appellate review). Failure to assert a timely objection will result in waiver of that issue. **Dill**, 108 A.3d at 885.

Additionally, an appellant must file post-trial motions to preserve issues for appellate review; issues not raised in post-trial motions are waived. **Lenhart v. Cigna Cos.**, 824 A.2d 1193, 1996 (Pa. Super. 2003). **See Chalkey v. Roush**, 757 A.2d 972, 975 (Pa. Super. 2000) (*en banc*) (noting the purpose of requiring issues to be raised in a post-trial motion is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error").

Our review of the record reveals that Appellants did not object to any of the four issues during the trial and did not raise any of them in a post-sentence motion. Accordingly, Appellants failed to preserve these issues for appeal, and, thus, the issues are waived.

In their fifth issue, Appellants challenge the weight of the evidence. The weight of the evidence is exclusively for the finder of fact, who "is free to

believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Haan v. Wells**, 103 A.3d 60, 70 (Pa. Super. 2014) (citation omitted). We review a trial court's ruling on a post-trial motion challenging the weight of the evidence for an abuse of discretion; we do not review the underlying question of whether the verdict is against the weight of the evidence. **Brown v. Halpern**, 202 A.3d 687, 703 (Pa. Super. 2019).

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." **Gold v. Rosen**, 135 A.3d 1039, 1041-42 (Pa. Super. 2016) (citation omitted). An appellant is not entitled to a new trial where the evidence is conflicting and the finder of fact could have decided either way. **Brown**, **supra** at 703. This Court will grant a new trial only where the verdict is so contrary to the evidence that it shocks one's sense of justice. **Betz v. Erie Ins. Exch.**, 957 A.2d 1244, 1252 (Pa. Super. 2008).

Appellants essentially challenge the court's finding that Ms. Macking's testimony—that the original loan agreement was handwritten—was incredible. **See generally** Appellants' Br. at 18-20. They contend that because the parties did not present a handwritten document at trial, the original handwritten loan agreement must have been destroyed by Mr. O'Sullivan

because he considered the loan satisfied. *Id.* at 20-21. This argument is warrants no relief.

As noted above, the trial court found Ms. Macking's testimony regarding the handwritten agreement incredible. Significantly, the court also noted that at her deposition, Ms. Macking had testified that she had also signed the Agreement. Trial Ct. Op., dated 7/16/18, at 4. Further, the court determined that the parties had entered into the Agreement that Appellee presented at trial, and noted that Mr. Macking testified that he had signed that Agreement. *Id.* at 4-5.

Appellants essentially ask this Court to reweigh the evidence. This we cannot and will not do. In addition, we cannot conclude that the verdict "shocks one's sense of justice." Accordingly, Appellants are not entitled to relief on this weight claim. ***Brown***, ***supra*** at 703.

Appellants' next three issues arise from Timothy J. O'Sullivan, Sr.'s 2016 Inheritance Tax Return filed by Appellee. In essence, Appellants assert that the trial court erred in finding they owed a balance on the Agreement because Appellee had not claimed the outstanding loan debt as an asset on Mr. O'Sullivan's Inheritance Tax Return. ***See generally*** Appellant's Br. at 31-43.

When reviewing a trial court's decision after a bench trial, our standard of review is well established. "We may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. As fact finder, the [court] has the authority

to weigh the testimony of each party's witnesses and to decide which are most credible." *Parker Oil Co. v. Mico Petro and Heating Oil, LLC*, 979 A.2d 854, 856 (Pa. Super. 2009) (citation omitted). We must give the court's findings the same weight and effect as a jury verdict, and we will not disturb the findings unless they are not supported by competent evidence in the record. *Levitt v. Patrick*, 976 A.2d 581, 589 (Pa. Super. 2009). "Furthermore, our standard of review demands that we consider the evidence in the light most favorable to the verdict winner." *Id.* (citation omitted).

Appellants assert that Appellee's failure to indicate an outstanding debt on the Inheritance Tax Return is a "judicial admission" that there was no outstanding balance on the Agreement. Appellants' Br. at 32. This argument has no merit.

A "judicial admission" is "an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission." *Nasim v. Shamrock Welding Supply Co.*, 563 A.2d 1266, 1267 (Pa. Super. 1989). To qualify as a judicial admission, the averment must be a "clear and unequivocal admission of fact." *Coleman v. Wyeth Pharm., Inc.*, 6 A.3d 502, 524 (Pa. Super. 2010) (citation omitted).

In its 1925(a) Opinion, the trial court noted Appellee did not make or file the Tax Return in preparation for the instant litigation. Trial Ct. Op., dated 2/14/19, at 8. Additionally, it found that Appellee filed the Tax Return while

actively litigating the instant matter and could file an amended return once the litigation concluded. *Id.* Therefore, the court concluded that the fact that Mr. O'Sullivan's Tax Return did not mention Appellants' debt was not a "judicial admission." *Id.*

We agree with the trial court's analysis. Appellee did not make or file the Tax Return "in court or preparatory to trial." *Nasim*, 563 A.2d at 1267. Further, because the ligation involving the debt was ongoing, the amount of Appellants' debt was indeterminate at the time Appellee filed the Tax Return. Therefore, the omission of the debt from the Tax Return cannot be considered an expressed admission of fact. *Coleman*, *supra* at 524. This claim has no merit.

In their next issue, Appellants present an alternate theory by asserting that Appellee's filing of Mr. O'Sullivan's Inheritance Tax Return was a Statement Against Interest. They contend that Appellee's failure to note the alleged debt on the Tax Return demonstrates that Appellee did not legitimately believe they had an outstanding debt on the Agreement. Appellants' Br. at 36-37. They argue that if the trial court had considered this factor in its analysis, it would have found that Appellants had repaid the loan in full. *Id.* at 38.

A Statement Against Interest is a "statement that . . . a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the

declarant's claim against someone else or to expose the declarant to civil or criminal liability." Pa.R.E. 804(b)(3)(A). A Statement Against Interest is an exception to the rule against hearsay, but is applicable only when the declarant is unavailable as a witness. *Id.* at 803(b).

Here, the declarant, Appellee, was available and testified as a witness. Accordingly, the Statement Against Interest hearsay exception is not applicable. Therefore, this argument has no merit.

In their next issue, Appellants contend that Appellee committed perjury in verifying Mr. O'Sullivan's Inheritance Tax Return as true because she failed to claim Appellants' alleged outstanding debt on the return. Appellants' Br. at 39-40. They assert the trial court erred in failing to consider this alleged perjury in rendering its verdict. *Id.*

A person is guilty of perjury "if in any official proceeding [s]he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and [s]he does not believe it to be true." 18 Pa.C.S. § 4902(a).

Appellee's failure to include Appellants' debt in the tax return was not a "false statement . . . that she did not believe to be true." As noted above, the Appellee filed the tax return while actively litigating the instant matter; thus, the validity of the debt was uncertain and Appellant's failure to report it does not rise to the level of a false statement. As the trial court observed, once the

litigation concluded, Appellee could then file an amended tax return reporting the outstanding debt as an asset. Trial Ct. Op., dated 2/14/19, at 8.

In addition, the record shows that Appellee testified at trial that she had informed her accountant of Appellants' outstanding debt, would inform her accountant of the outcome of the litigation, and would then file an amended tax return after seeking her accountant's advice. N.T. Trial at 102, 104-05. Therefore, the trial court properly concluded Appellee did not commit perjury in verifying the Tax Return as true.

In their final issue, Appellants contend that Appellee's testimony that "[she] didn't really know much about [the alleged debt]" contradicted the Complaint's verification pursuant to Pa.R.C.P. 1024(a), which stated that Appellee "verified that the statements made in the . . . Complaint are true and correct." Appellants' Br. at 44 (quoting N.T. Trial at 87 and Complaint). They assert that the trial court, therefore, erred by failing to *sua sponte* dismiss the Complaint as untruthful. **Id.** This claim has no merit.

Pursuant to Pa.R.C.P. 1024(a)

Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

Pa.R.C.P. 1024.

In its 1925(a) Opinion, the trial court acknowledged that Appellee stated that she did not know much about the alleged debt and the Agreement between Appellants and Mr. O'Sullivan. Trial Ct. Op., dated 2/14/19, at 10. However, the court found that Appellee's lack of knowledge did not negate the existence of the Agreement or contradict the substance of the Complaint, emphasizing that Rule 1024(a) states that "a pleading may be verified upon personal knowledge as to a part *and upon information and belief as to the remainder*." **Id.** (emphasis in original) (citing Pa.R.C.P. 1024(a)). The court determined the existence of the Agreement based on, *inter alia*, (1) Appellee's testimony that she found the Agreement in the decedent's papers; (2) Appellants' testimony that they had entered into the loan agreement with Mr. Sullivan; and (3) Mr. Macking's testimony that it was his signature on the Agreement that the court entered into evidence. **Id.** Thus, the court found this issue meritless.

We agree with the trial court's analysis. Rule 1024 does not require a plaintiff to have personal knowledge of all of the averments of fact contained in the Complaint as long as the plaintiff has information and belief on the remainder of the averments. **See** Pa.R.C.P. 1024(a). Moreover, as the trial court noted, the Appellee and Appellants' testimony verified the averments in the Complaint. Accordingly, the trial court did not err by failing to dismiss the Complaint as false.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/20